656 So.2d 146 (1995)
Del COUCH and Glenda Couch, Individually, and Del Couch and Glenda Couch, Guardians of Eric Couch and Jennifer Couch, Minors
v.
CITY OF D'IBERVILLE, Mississippi, an Incorporated Municipality, and Johnny Smith Truck and Drag Line Service, Inc.
No. 92-CA-00172-SCT.
Supreme Court of Mississippi.
June 8, 1995.
*147 David A. Wheeler, Wheeler & Wheeler, Biloxi, for appellant.
*148 Derek A. Wyatt, Ottis B. Crocker, III, Gulfport, Fred Mannino, Page Mannino & Peresich, Biloxi, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Dale and Glenda Couch, with their children Eric and Jennifer, appeal from the Harrison County Circuit Court judgment granting a directed verdict in favor of both the City of D'Iberville and Johnny Smith Truck and Dragline, Inc. The lower court, in its ruling, held that the Couchs did not evince the necessary elements of a case in negligence against the City of D'Iberville or Johnny Smith Truck and Dragline, Inc. needed to submit the case to the jury.
We take issue with the ruling of the lower court and find that, in regard to the City of D'Iberville, the Couchs established the requisite elements of negligence necessary to submit the case to the jury. However, we agree with the trial court that the evidence is insufficient to support a finding of negligence against Johnny Smith Truck and Dragline, Inc. Accordingly, we reverse, in part, the lower court's decision and remand the case to the Harrison County Circuit Court for further proceedings not inconsistent with this opinion.

I.
Johnny Smith Truck and Dragline Service, Inc. [hereinafter Johnny Smith] contracted with the City of D'Iberville Water and Sewer District to complete "Phase II" of the D'Iberville Water & Sewer Collection System. In August, 1987, Johnny Smith began the excavation of a six foot wide trench along the south side of Popps Ferry Road to facilitate the laying of sewer pipes. Upon completion of the work, the shoulder area was reseeded and repaired. The last work order from the project indicates a clean-up of the area in September of 1987, about nineteen months prior to the accident in question.
At the conclusion of the project, a final inspection was conducted of the work done in the Popps Ferry Road area. The inspection revealed no problems with the shoulder of the road. Johnny Smith's work was accepted by the D'Iberville Water and Sewer Board as complete, and payment was tendered.
The City of D'Iberville, which was incorporated the following year, in February of 1988, lacked the finances to establish public works. Therefore, city officials contracted via an interlocal agreement with Harrison County to provide road maintenance for Popps Ferry Road and other streets located in D'Iberville. Pursuant to this agreement, the road shoulder at the site of the accident had been repaired by the Harrison County Road Department on several occasions prior to the accident.
On April 2, 1989, Del and Glenda Couch, along with their two children, Jennifer and Eric [hereinafter the Couchs] were traveling west on Popps Ferry Road, which is located within the municipality of D'Iberville. A second vehicle, operated by Mr. Walter A. Burns, was traveling east on Popps Ferry Road. As Burns' vehicle entered a curve in the road, the right front tire veered off the paved portion of the road into a washed out rut in the shoulder area. Burns attempted to re-enter onto the paved surface when his vehicle struck a pothole in the eroded shoulder. At some point, the tie-rod on Burns' car broke, causing his vehicle to cross over the center line into oncoming traffic and collide with the Couchs' vehicle.
As a result of the collision, the Couchs' sustained physical injuries of various degrees. In an effort to obtain compensation for their injuries, the Couchs filed this action on October 1, 1990, in Harrison County Circuit Court against the City of D'Iberville and Johnny Smith Truck and Dragline Service, Inc. The Couchs alleged, inter alia, negligent reconstruction and maintenance of a road shoulder by Johnny Smith and negligent maintenance by the City of D'Iberville.
On January 21, 1992, the case proceeded to trial in Harrison County Circuit Court. At the close of the Couchs' evidence, the trial judge directed a verdict for both Johnny Smith and the City of D'Iberville.
Aggrieved, the Couchs' appeal to this Court, assigning the errors below:

*149 I. THE TRIAL COURT MANIFESTLY ERRED IN SUSTAINING THE APPELLEE, CITY OF D'IBERVILLE'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE APPELLANT'S CASE-IN-CHIEF WHEN ALL OF THE EVIDENCE PROFFERED AND INTRODUCED BY THE APPELLANTS, WHEN CONSIDERED IN THE LIGHT MOST FAVORABLE TO THE APPELLANTS, GIVING THE APPELLANTS THE BENEFIT OF ALL FAVORABLE INFERENCES THAT REASONABLY MAY BE DRAWN FROM THAT EVIDENCE, COULD SUPPORT A VERDICT FOR THE APPELLANTS AND THEREFORE CLEARLY PRESENTED A QUESTION OF FACT THAT SHOULD HAVE BEEN SUBMITTED TO THE JURY ON THE ISSUES OF NEGLIGENCE AND CAUSATION.
II. THE TRIAL COURT MANIFESTLY ERRED IN SUSTAINING THE APPELLEE, JOHNNY SMITH TRUCK AND DRAG LINE SERVICE, INC.'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE APPELLANTS' CASE-IN-CHIEF WHEN ALL OF THE EVIDENCE PROFFERED AND INTRODUCED BY THE APPELLANTS, WHEN CONSIDERED IN THE LIGHT MOST FAVORABLE TO THE APPELLANTS, GIVING THE APPELLANTS THE BENEFIT OF ALL FAVORABLE INFERENCES THAT REASONABLY MAY BE DRAWN FROM THAT EVIDENCE, COULD SUPPORT A VERDICT FOR THE APPELLANTS AND THEREFORE CLEARLY PRESENTED A QUESTION OF FACT THAT SHOULD HAVE BEEN SUBMITTED TO THE JURY.
III. THE TRIAL COURT MANIFESTLY ERRED IN REFUSING TO ALLOW JIM BOWMAN TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT, AFTER HAVING BEEN PROPERLY QUALIFIED AS SUCH.
IV. THE TRIAL COURT MANIFESTLY ERRED IN REFUSING TO ALLOW THE INVESTIGATING POLICE OFFICERS TO GIVE THEIR LAY OPINIONS AS TO THE CAUSE OF THE ACCIDENT IN QUESTION, BASED UPON THEIR TRAINING AND EXPERIENCE AS LAW ENFORCEMENT OFFICERS, THEIR EXPERIENCE IN INVESTIGATING TRAFFIC ACCIDENTS AND THEIR PHYSICAL FINDINGS AT THE SCENE OF THE ACCIDENT IN QUESTION.
V. THE TRIAL COURT MANIFESTLY ERRED IN REFUSING TO ALLOW INTO EVIDENCE THE VIDEO TAPE, WITHOUT AUDIO, OF WLOX-TV MADE WITHIN 24 HOURS OF THE ACCIDENT IN QUESTION, DEPICTING THE CONDITION OF THE ROAD AND ROAD SHOULDER AT THE SITE OF THE ACCIDENT IN QUESTION.
VI. THE TRIAL COURT MANIFESTLY ERRED IN DENYING APPELLANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUMMARY JUDGMENT AGAINST THE APPELLEE, CITY OF D'IBERVILLE, AS A MATTER OF LAW.

II.

LAW
After careful review of the record, briefs and relevant authorities, we find merit as to assigned error # I, thus requiring reversal. We have also considered the other issues presented by appellants, the Couchs, and find it necessary to briefly address errors # II, III, IV and V. Because we reverse the directed verdict on the issue of the City's negligence, we do not, however, find an extended discussion necessary as to assigned error # VI.

I. THE TRIAL COURT MANIFESTLY ERRED IN SUSTAINING THE APPELLEE, CITY OF D'IBERVILLE'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE APPELLANTS' CASE-IN-CHIEF *150 WHEN ALL OF THE EVIDENCE PROFFERED AND INTRODUCED BY THE APPELLANTS, WHEN CONSIDERED IN THE LIGHT MOST FAVORABLE TO THE APPELLANTS, GIVING THE APPELLANTS THE BENEFIT OF ALL FAVORABLE INFERENCES THAT REASONABLY MAY BE DRAWN FROM THAT EVIDENCE, COULD SUPPORT A VERDICT FOR THE APPELLANTS AND THEREFORE CLEARLY PRESENTED A QUESTION OF FACT THAT SHOULD HAVE BEEN SUBMITTED TO THE JURY ON THE ISSUES OF NEGLIGENCE AND CAUSATION.
The Couchs assert the trial court erred in granting a directed verdict in favor of the City of D'Iberville. In deciding if the motion for directed verdict on the issue of negligence was due to be granted, the trial court must view the evidence most favorably to the non-moving party, and if by any reasonable interpretation, it can support an inference of negligence which the non-moving party seeks to prove, the motion must be denied. Turner v. Wilson, 620 So.2d 545, 550 (Miss. 1993); Paymaster Oil Co. v. Mitchell, 319 So.2d 652, 656 (1975). On review, this Court must consider the evidence in that same light. Wirtz v. Switzer, 586 So.2d 775, 779 (Miss. 1991).
The Couchs allege that the City of D'Iberville was negligent in its maintenance of the roadway from west to east along Popps Ferry Road and the shoulder along the curve of the roadway. The Couchs further contend that the City was negligent in (1) failing to place appropriate signs controlling the speed in the area, (2) failing to advise and warn the traveling public of the hazard created by the drop-off in the roadway shoulder, and (3) failing to stripe the roadway.
There are four elements necessary to prove a claim of negligence against the City of D'Iberville:
(1) The City of D'Iberville had a duty, or obligation, recognized by law, requiring the City to conform to a certain standard of conduct, for the protection of those who travel on its roads against unreasonable risks.
(2) A breach of the duty, a failure on the City's part to conform to the standard required.
(3) A reasonably close causal connection between the conduct and the resulting injury.
(4) Actual loss or damage resulting to the interests of another.
Carpenter v. Nobile, 620 So.2d 961, 964 (Miss. 1993).
In the case sub judice, we find that the Couchs established the requisite elements needed to submit a case of negligence to the jury. First, the Couchs established a duty, on the part of the City, to maintain the streets and passageways to the public. See City of Jackson v. Locklar, 431 So.2d 475, 479 (Miss. 1983); Miss Code Ann. § 65-7-83 (1972) (which authorizes joint maintenance between the city and county for municipal streets but mandates liability on the municipality is not "changed, diminished or increased").
Second, having established a duty, the Couchs formed a sufficient basis to determine that duty had been breached. The evidence was more than adequate to establish that the condition of the shoulder of the road was dangerous. Numerous witnesses testified to the seriousness of the situation, including the lack of striping on the road and the lack of warning signals. Further, expert testimony indicated that the state of the road at the time of the accident was a "hazard to the motoring public."
According to testimony offered on behalf of the Couchs, the road had remained in that condition for close to a month. It was further established through expert testimony that a reasonable inspection of the road would have detected this as a problem area. Therefore, it is clear that the City of D'Iberville had knowledge of this problem or had more than a reasonable opportunity, if it were diligent in the maintenance of its streets, to obtain such knowledge.
Third, the Couchs presented evidence that the City's breach could have been the "proximate cause" of the accident. Through eyewitness *151 and accident reconstruction testimony, it was proffered that the tie rod on Burns' vehicle broke as he attempted to return to the road and struck the "pothole." This testimony was substantiated by gouge marks in the road caused by the broken tie-rod. Although the City argues that the tie-rod could have broken at some point prior to the pothole, such conflicting evidence on causation has been held to be a jury question by this Court. See McKinnon v. Batte, 485 So.2d 295 (Miss. 1986); Howard v. Young, 450 So.2d 90 (Miss. 1984).
Finally, the Couchs took the stand and testified to substantiate their claim of actual loss or damage. Compensable injuries were suffered by each of the Couchs and verified by Mrs. Mary Miller, an economics expert.
Because the Couchs established the necessary elements of negligence, we hold that the decision of the trial judge to grant a directed verdict in favor of the City of D'Iberville was in error. Accordingly, we find it necessary to reverse the ruling and remand the case to the lower court to proceed to the jury on the question of negligence, if any, against the City of D'Iberville.

II. THE TRIAL COURT MANIFESTLY ERRED IN SUSTAINING THE APPELLEE, JOHNNY SMITH TRUCK AND DRAGLINE SERVICE, INC.'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE APPELLANTS' CASE-IN-CHIEF WHEN ALL OF THE EVIDENCE PROFFERED AND INTRODUCED BY THE APPELLANTS, WHEN CONSIDERED IN THE LIGHT MOST FAVORABLE TO THE APPELLANTS, GIVING THE APPELLANTS THE BENEFIT OF ALL FAVORABLE INFERENCES THAT REASONABLY MAY BE DRAWN FROM THE EVIDENCE, COULD SUPPORT A VERDICT FOR THE APPELLANTS AND THEREFORE CLEARLY SHOULD HAVE BEEN SUBMITTED TO THE JURY.
In deciding if the motion for directed verdict on the issue of negligence was due to be granted, the trial court must view the evidence most favorably to the non-moving party, and if by any reasonable interpretation, it can support an inference of negligence which the non-moving party seeks to prove, the motion must be denied. Turner v. Wilson, 620 So.2d 545, 550 (Miss. 1993); Paymaster Oil Co. v. Mitchell, 319 So.2d 652, 656 (Miss. 1975). On review, this Court must consider the evidence in that same light. Wirtz v. Switzer, 586 So.2d 775, 779 (Miss. 1991).
There are four elements necessary to prove a claim of negligence against Johnny Smith Truck and Dragline Service, Inc.:
(1) Johnny Smith Truck and Dragline had a duty, or obligation, recognized by law, requiring it to conform to a certain standard of conduct, for the protection of those who rely on its work performed by them.
(2) A breach of the duty, a failure on the part of Johnny Smith to conform to the standard required.
(3) A reasonably close causal connection between the conduct and the resulting injury.
(4) Actual loss or damage resulting to the interests of another.
Carpenter v. Nobile, 620 So.2d 961, 964 (Miss. 1993).
In the case sub judice, the Couchs did not establish the requisite elements needed to submit a case of negligence to the jury, as to Johnny Smith. First, we agree that pursuant to its contract with the City, Johnny Smith is under a duty or obligation, recognized by law, requiring them to conform to a certain standard of conduct, for the protection of others against unreasonable risks. See Gilmore v. Garrett, 582 So.2d 387, 391 (Miss. 1991), quoting Davis v. Anderson, 501 S.W.2d 459, 462 (Tex.Civ.App. 1973) (where this Court stated that "accompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract"). Therefore, the Couchs have successfully substantiated the first element necessary to a finding of negligence.
However, the Couchs failed to establish a breach of that duty, i.e., a failure on Johnny Smith's part to conform to the standard required. *152 An inspection of the completed work in May of 1988 did not reveal any problems, and the work was accepted by both the engineers and the City of D'Iberville.
"Only when a duty and a subsequent breach of that duty are shown is it possible to proceed to a consideration of proximate cause since a duty and breach of that duty are essential to a finding of negligence under the traditional and accepted formula." May v. V.F.W. Post No. 2539, 577 So.2d 372, 375 (Miss. 1991), quoting Foster v. Bass, 575 So.2d 967, 972 (Miss. 1990). Therefore, the failure to establish a breach was sufficient to warrant the grant of a directed verdict in favor of Johnny Smith. The trial judge's decision to sustain a motion for directed verdict in favor of Johnny Smith was not in error and should be affirmed. Accordingly, we find no merit in this assignment of error.

III. THE TRIAL COURT MANIFESTLY ERRED IN REFUSING TO ALLOW JIM BOWMAN TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT, AFTER HAVING BEEN PROPERLY QUALIFIED AS SUCH.
The Couchs contend that the trial court improperly excluded the testimony of Mr. Jim Bowman, who was tendered by the Couchs as an expert in the field of accident reconstruction.
An accident reconstruction expert should be permitted to give his opinion on how an accident happened, the point of impact, the angle of travel, the responsibility of the parties involved, and the interpretation of photographs. Hollingsworth v. Bovaird Supply Co., 465 So.2d 311, 314 (Miss. 1985). See also Poirrier v. DeGrande, 604 So.2d 268, 270 (Miss. 1992). Allowing such an expert to testify will not usurp the function of the jury as fact-finders because the jury is free to accept or reject the expert's testimony just as they could with any other witness. Id.
Rule 702 of the Mississippi Rules of Evidence provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
Once it is determined that expert testimony will assist the trier of fact, the expert must be adjudged qualified in his field. Poirrier at 270. The adjudication of whether a witness is legitimately qualified as an expert is left to the sound discretion of the trial judge. Id. See also Miller By Miller v. Stiglet, Inc., 523 So.2d 55, 59-60 (Miss. 1988); Hall v. Hilbun, 466 So.2d 856, 873 (Miss. 1985).
Bowman's education and training reveal that he has vast experience in police department investigation and the reconstruction of traffic accidents. However, Bowman had no expertise in either engineering or road construction. Bowman's expert testimony concerning the causation of the accident was not "reconstruction evidence", i.e., evidence taken by one who takes certain facts and reconstructs and assists the jury with scientific information which would indicate to them what happened at an accident scene where there are no other methods by which the parties can have a trial and show the causation.
On remand, Jim Bowman may be retendered, if properly qualified, as an accident reconstruction expert. The trial judge may find it necessary to allow relevant portions of Bowman's testimony, limited to his opinion in the area of accident reconstruction. However, his expertise in other areas, such as engineering and road construction, are questionable and it remains within the discretion of the trial court whether to allow testimony at the time of proffer.

IV. THE TRIAL COURT MANIFESTLY ERRED IN REFUSING TO ALLOW THE INVESTIGATING POLICE OFFICERS TO GIVE THEIR LAY OPINIONS AS TO THE CAUSE OF THE ACCIDENT IN QUESTION, BASED UPON THEIR TRAINING AND EXPERIENCE AS LAW ENFORCEMENT OFFICERS, THEIR EXPERIENCE IN INVESTIGATING TRAFFIC ACCIDENTS AND THEIR PHYSICAL FINDINGS AT THE *153 SCENE OF THE ACCIDENT IN QUESTION.
The Couchs argue that the trial court committed manifest error in its refusal to allow investigating officers to give testimony, as lay witnesses, concerning the cause of the accident. Rule 701 of the Mississippi Rules of Evidence states:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to the clear understanding of his testimony or the determination of a fact in issue.
This Court, in accordance with Rule 701 and the comment thereto, has limited lay witness opinion testimony to those opinions or inferences which are rationally based on the perception of the witness and helpful to the clear understanding of his testimony or the determination of a fact in issue. See Sample v. State, 643 So.2d 524, 529-30 (1994) (if the witness must possess some experience or expertise beyond that of the average, randomly selected adult, it is a Rule 702 opinion and not a Rule 701 opinion.); Mississippi State Highway Commission v. Gilich, 609 So.2d 367, 377 (Miss. 1992) (lay opinions are those which require no specialized knowledge however attained); Seal v. Miller, 605 So.2d 240, 244 (Miss. 1992) (question calling on a police officer to respond based on experience as an officer investigating accidents is by definition not a lay opinion); Wells v. State, 604 So.2d 271, 279 (Miss. 1992) ("If particular knowledge ... is necessary to assist the trier of fact ... then such testimony would never qualify as a lay witness opinion under M.R.E. 701"); M & M Pipe & Pres. Vessel Fab. v. Roberts, 531 So.2d 615 (Miss. 1988) (where this Court, in the discussion of the admissibility of a police officer's testimony as a lay opinion, determined that an opinion could be given as to contributing factors, such as broken brake lights).
Notwithstanding the characterization of the officers as "lay witnesses" at trial, the opinion which the Couchs attempted to solicit was an expert opinion based on training and experience as a law enforcement officer and experience in the investigation of accidents and physical findings at the scene of the accident.
It is well-entrenched in Mississippi law that a qualified expert's opinion testimony regarding accident reconstruction may be admissible. See Hollingsworth v. Bovaird, 465 So.2d 311, 314-15 (Miss. 1985). Further, it is clear that a police officer's testimony as to the cause of the accident, based on training, experience in investigation, etc., would be considered accident reconstruction testimony, allowable as expert testimony under Rule 702, if the officer is properly qualified. Id. at 314-15. See Miller v. Stiglet, Inc., 523 So.2d 55 (Miss. 1988); see also M.R.E. 702 (providing that a witness may be qualified as an expert by knowledge, skill, experience, training or education).
On remand, the Couchs may list the officers as expert witnesses and proffer their testimony as such. In light of M.R.E. 701 and M.R.E. 702, and the authorities cited herein, the trial judge, at that time, may allow the testimony of the officers as expert testimony if they are properly qualified and tendered as such.

V. THE TRIAL COURT MANIFESTLY ERRED IN REFUSING TO ALLOW INTO EVIDENCE THE VIDEO TAPE, WITHOUT AUDIO, OF WLOX-TV MADE WITHIN 24 HOURS OF THE ACCIDENT IN QUESTION, DEPICTING THE CONDITION OF THE ROAD AND ROAD SHOULDER AT THE SITE OF THE ACCIDENT IN QUESTION.
The Couchs argue that the trial judge erred by refusing to admit into evidence a video tape of the scene produced by a local TV station. The video tape in question, which was taken one day after the accident, depicts the curve in which Burns was travelling and the drop-off in the shoulder of the road. The video tape was offered into evidence with the audio portion excluded to enable the jury to better understand the line of sight available to the Couchs when travelling west on Popps Ferry Road. Although the judge allowed certain still shots from the video, the remainder of the video was excluded *154 based on a ruling that its prejudicial effect on the jury would outweigh its probative value.
Motion pictures are admissible into evidence in Mississippi. Barham v. Nowell, 243 Miss. 441, 138 So.2d 493 (1962); Metropolitan Life Ins. Co. v. Wright, 190 Miss. 53, 199 So. 289 (1940). "The introduction of photographs and motion pictures is a matter for the sound discretion of the trial court and that court is afforded wide latitude in exercising this discretion." Butler v. Chrestman, 264 So.2d 812, 816 (Miss. 1972), quoting Niles v. Sanders, 218 So.2d 428 (Miss. 1969); Marr v. Nichols, 208 So.2d 770 (Miss. 1968). This Court, in Jesco, Inc. v. Shannon, 451 So.2d 694, 702 (Miss. 1984), cautioned trial judges to "preview such evidence to determine its probative value as against its prejudicial effects upon a jury."
Accordingly, we caution the trial judge to take a fresh look at the video in question to determine whether certain portions are relevant and to eliminate only those having a prejudicial effect on the jury.
Based on the foregoing, the judgment of the lower court is reversed and the case is remanded to the Harrison County Circuit Court for additional proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.