## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-CA-01089-SCT

*THOMAS G. McMANUS*

*v.*

*PATRICIA L. McMANUS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/95 |
| TRIAL JUDGE: | HON. JASON H. FLOYD JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT H. KOON |
| ATTORNEY FOR APPELLEE: | GERARD F. SMITH |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 2/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J.,McRAE AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Thomas McManus appeals to this Court claiming that the Chancery Court of Harrison County, MS committed reversible error. We did not find that there had been material changing circumstances adversely affecting his child Misty and therefore did not change custody from the child's mother to her father Mr. McManus.

### I.

**WAS THE CHANCELLOR WAS MANIFESTLY IN FINDING NO CHANGE IN CIRCUMSTANCES THAT ADVERSELY AFFECTED THE BEST INTERESTS OF THE CHILD?**

Mr. McManus contends that the Chancellor did not look to the totality of the circumstances and that he only considered the allegation of sexual abuse, overlooking all other factors.

**A. Sexual Abuse**

The Chancellor gave three grounds for not finding that the alleged sexual abuse was not an adverse change in circumstances to justify modification of custody. 1. The Chancellor relied on Dr. Gasparrini's evaluation that the conduct was not sexual abuse, but merely exploration by young children. 2. Even if the conduct toward the McManus child was considered sexual abuse in nature, Ms. McManus, the custodial parent, is not charged with the abuse since she did not do or allow the touching. 3. Even if the sexual conduct constituted sexual abuse, such conduct was an isolated occurrence that will not happen in the foreseeable future.

Influenced largely by Dr. Gasparrinni's evaluation, and also the evaluation by the psychologist Klingensmith, the Chancellor doubted whether there was in fact child abuse. Dr. Gasparinni's evaluation read in part:

> Misty reports that the sex abuse occurred on two occasions. Of course, if Chase is only seven years old, then it is hard to classify this as child sexual abuse. Instead, it might be seen as child play and exploration because the children are so close in age. However, it does appear that inadequate supervision may have contributed to this excessive sexual play and exposure.

Jean Bahker, a licensed social worker specializing in children, works in conjuction with Dr. Gasparinni and testified at trial. She was accepted as an expert social worker involved in therapy but not for evaluations.

Ms. Bahker saw Misty for a period of twenty nine (29) visits. The testimony of Ms. Bahker was that Misty was sexually abused by another child and a great deal of frustration developed with Misty because she was not believed by her mother. Ms. Bahker was not allowed to testify her opinion as to whether it was in Misty's best interest to return to Missouri since the Chancellor found her as an expert in therapy, not as an evaluator.

The Chancellor ultimately concluded that even if the charges of sexual abuse had been confessed, it was an isolated occurrence and will not happen in the foreseeable future and was not grounds for change of custody. We do not agree with the Chancellor that no sexual molestation occurred, but does that act constitute a change in circumstances to justify modification of child custody is another matter.

We have said that "It is only that behavior of a parent which clearly posits or causes danger to the mental or emotional well-being of a child (whether such behavior is immoral or not), which is sufficient basis to seriously consider the drastic legal action of changing custody." ***Ballard v. Ballard***, 434 So.2d 1357, 1360 (Miss. 1983); *see also **Smith v. Jones***, 654 So.2d 480, 487 (Miss. 1995).

Under both the statute and ***Ballard***, some molestation which affects the mental and emotional well-being of Misty has occurred. Ms. McManus may have negligently supervised Misty. Question of the sexual conduct between the children Chase and Misty need not be addressed singularly as to whether or not it merits modification of child support. One must look to the overall circumstances, not just an isolated occurrence that has no foreseeability of reoccurring in the future. ***Smith*** v. *Jones,* 654 So.2d at 487; ***Tucker v. Tucker***, 453 So.2d at 1297.

### B. Totality of the Circumstances and Long Term Effects

Thomas McManus complains that the chancellor decided the case solely on the sexual abuse and disregarded the totality of circumstances of other evidence presented. The father contends that the mother frequently drank alcohol in excess, allowed the child to play outside in a busy trailer park alone at the age of four, she has moved four times since the divorce, has had three different jobs, and at one point lived in a house with nine people and three dogs.

These are factual issues and the Chancellor stated into the record that at least one side in this case was lying. From his determination is clear that the Chancellor believed that Ms. McManus was not lying and we give deference to the Chancellor's findings and his ability to witness and determine the credibility of witnesses, we can only conclude that the Chancellor found that the totality of the circumstances reveals that the mother should retain permanent custody.

## II.

### DID THE CHANCELLOR IMPROPERLY LIMIT THE PLAINTIFF'S EXPERT TESTIMONY OF THE WITNESS JEAN BAHKER ON THE QUESTION OF ULTIMATE CUSTODY?

Mr. McManus contends that Ms. Bahker should have been allowed to testify either as an expert or as a lay person, pursuant to MRE 702 and 701, as to her opinion as to whether or not it was in Misty's best interest to return to Missouri with her mother.

Mississippi courts have allowed social workers to testify as expert witnesses. In *In Interest of D.K.L.*, 652 So.2d 184 (Miss. 1995), a child's mother sought to remove contact restrictions on a child's stepfather. A social worker was accepted as an expert in the field of social work. *In Interest of D.K.L.*, 652 So.2d at 188. However, whether the social worker may testify as to the best interests of the child was not at issue in *In Interest of D.K.L.*

The adjudication of whether a witness is legitimately qualified as an expert is left to the sound discretion of the trial judge. *Couch v. City of D'Iberville, Miss.*, 656 So.2d 146, 152 (Miss. 1995); *Poirrier v. DeGrande*, 604 So.2d 268, 270 (Miss. 1992). According to the case *sub judice*, Ms. Bahker was allowed to testify as an expert therapist. The Chancellor stated that there was a distinction in qualifications between Dr. Gasparrinni and Ms. Bahker, namely their education. The expert witness is expected to draw inferences from the facts. *See* John William Strong, ed., **McComick On Evidence**, § 13, (4th ed.) The Chancellor allowed the doctor to testify as to Misty's best interests in custody since that is an evaluative determination. It is in the sound discretion of the trial judge to sustain that Ms. Bahker was qualified as an expert therapist but not as an expert evaluator.

In that determination we can not conclude that the chancellor abused his discretion.

Ms. Bahker is correct that under MRE 701, lay witnesses may give opinion testimony when the witness does have personal knowledge. However, this contention overlooks the first line of MRE 701 which states, "If the witness is not testifying as an expert,...." The first line under MRE 701 restricts opinion testimony to witnesses not introduced as an expert.

Ms. Bahker was introduced as an expert so MRE 701 is inapplicable.

In any event, if error it is not reversible error. The Chancellor could easily infer from Ms. Bahker's testimony that she thought the custody of Misty should be taken from the mother and given to the father. Furthermore, "the weight and worth of witness' testimony is solely for the chancellor to determine." *Doe v. Doe*, 644 So.2d 1199 (Miss. 1994).

This is a close and difficult case which turns primarily on facts. Facts for trial purposes are made up of credible evidence believed by the trier of fact. The chancellor is the finder of fact and on this record we can not say he was manifestly wrong.

Denial of modification of decree on custody is affirmed.

**AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**