ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Troy Smith purchased a home from DiMa Homes, Incorporated (DiMa) on December 12, 2005. On December 12, 2008, Smith brought suit against DiMa seeking damages on the basis that his home was negligently built. Then, on February 18, 2010, DiMa filed a motion to dismiss or, in the alternative, a motion for summary judgment. DiMa argued that the statute of limitations had run on Smith’s negligence claim; therefore, the suit should be dismissed. The circuit judge entered an order granting DiMa summary judgment and a final judgment of dismissal on April 23, 2010. It is from this dismissal that Smith appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Smith and DiMa entered into a contract on June 27, 2005, for DiMa to construct Smith a house for $107,705. When construction on the house was almost complete, Smith and a DiMa representative had a walk-through of the home to inspect for any defects. During the walk-through that occurred on November 14, 2005, Smith made note of several defects and repairs to be made. On December 12, 2005, Smith closed on his loan and took possession of the completed house.
 

 ¶ 3. Smith, being unsatisfied with the condition of the house, filed his complaint in the Pearl River County Circuit Court on December 12, 2008. In his complaint, Smith alleged that DiMa negligently and improperly constructed the house. On February 18, 2010, DiMa filed a motion to dismiss or, in the alternative, a motion for
 
 *378
 
 summary judgment. In its motion, DiMa asserted that Smith’s complaint was barred by the three-year statute-of-limitations period. The circuit judge agreed that Smith was barred by the statute of limitations and entered an order on April 23, 2010, granting summary judgment in favor of DiMa. On the same day, the circuit judge also entered a final judgment of dismissal finding that Smith’s claims were barred by the statute of limitations.
 

 ¶ 4. It is from the circuit judge’s grant of summary judgment in favor of DiMa and dismissal of his case that Smith appeals. On appeal, he raises three issues:
 

 I. Whether the circuit court erred in dismissing Smith’s claim for negligence against DiMa as barred by the statute of limitations.
 

 II. Whether the statute of limitations ever began to run since Smith did not receive notice as required by Mississippi Code Annotated section 83-58-7 (Supp.2010).
 

 III. Whether Smith had six years to file his claim rather than three years..
 

 ¶ 5. Finding that the circuit court erred in dismissing Smith’s claim, we reverse and remand this case.
 

 STANDARD OF REVIEW
 

 ¶ 6. The standard of review this Court applies when reviewing the lower court’s grant of summary judgment is de novo.
 
 Whitaker v. Limeco Corp.,
 
 32 So.3d 429, 433-34 (¶ 10) (Miss.2010) (citing
 
 Andrus v. Ellis,
 
 887 So.2d 175, 179 (¶22) (Miss.2004)). Also, when reviewing issues of law, such as statute of limitations, this Court employs a de novo standard of review.
 
 Id.
 
 (citing
 
 Burleson v. Lathem,
 
 968 So.2d 930, 932 (¶ 7) (Miss.2007)).
 

 ANALYSIS
 

 ¶ 7. Smith brought his claim under the theory of negligence, which is a common-law tort theory; therefore, there is no specific statute that specifies the limitations period. Pursuant to Mississippi Code Annotated section 15-1^49(1) (Rev. 2003), “[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.” Smith’s complaint for negligence was subject to this general three-year statute-of-limitations.
 

 ¶ 8. Mississippi Code Annotated section 15-1^49(1) provides that the statute of limitations begins to run after “the cause of such action accrued!.]” The Mississippi Supreme Court has found that “for purposes of a statute of limitations, a cause of action accrues ‘when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.’ ”
 
 Fletcher v. Lyles,
 
 999 So.2d 1271, 1277 (¶ 23) (Miss.2009) (quoting
 
 Bullard v. Guardian Life Ins. Co. of Am.,
 
 941 So.2d 812, 815 (¶ 11) (Miss.2006)). For the right to sue for negligence to become vested, all elements of the tort must be present.
 
 Id.
 
 (citing
 
 Caves v. Yarbrough,
 
 991 So.2d 142, 147 (¶ 21) (Miss.2008)). The elements of negligence are duty, breach, causation, and damages.
 
 Fisher v. Deer,
 
 942 So.2d 217, 219 (¶ 6) (Miss.Ct.App.2006) (citing
 
 Couch v. City of D’Iberville,
 
 656 So.2d 146, 150 (Miss.1995)). In this case, Smith suffered no damages until he became the owner and took possession of the house on December 12, 2005. Once this occurred, his right to sue under the theory of negligence vested, thus commencing the running of the statute of limitations. Once we determine the day Smith’s claim accrued, we turn to Mississippi Rule of Civil Procedure Rule 6(a) to determine how to compute the statute of limitations. Rule 6(a) states, in pertinent
 
 *379
 
 part, that “[i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.” We agree with the circuit judge’s finding that since Smith’s claim accrued on December 12, 2005, his statute of limitations began on December 13, 2005. Thus, Smith had three years from December 13, 2005, to file his complaint under the theory of negligence.
 

 ¶ 9. Having established that Smith had three years from December 13, 2005, to file his complaint, the circuit judge found that Smith filed his complaint after the statute of limitations had expired. He reasoned that Smith had 1,095 days to file his complaint, which is 365 days multiplied by three years. He further concluded that the year 2008 was a leap year and “that the third and final year of [Smith’s] period of limitation concluded on December 11, 2008,” since February contained an extra day that year. It is in this conclusion that we find the circuit court erred.
 

 ¶ 10. Smith filed his complaint on December 12, 2008, which was the very last day to file his complaint. It appears that the circuit judge simply miscalculated the days. Although in his order for summary judgment, he stated that the first day “included in [Smith’s] period of limitation was December 13, 2005[,]” he incorrectly began his computation based on running the statute of limitations on December 12, 2005. The proper computation begins on December 13, 2005, and it ends at midnight on December 12, 2008.
 

 ¶ 11. Since we find that the circuit court erred in calculating when Smith’s statute-of-limitations period expired, the remaining issues raised on appeal by Smith are moot. Because the circuit judge originally miscalculated the statute of limitations and Smith filed his complaint within the three-year statute-of-limitations period, the granting of summary judgment in favor of DiMa was in error. We reverse and remand this case for further proceedings consistent with this opinion.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 LEE, C.J., IRVING AND GRIFFIS, . P.JJ., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.