**Lauren PERALTA, Appellant,**

v.

**Charles DURHAM, Appellee.**

No. 05–03–00934–CV.

Court of Appeals of Texas, Dallas.

April 28, 2004.

Steven P. Amis, Amis & Bell, Arlington, for Appellant.

Ray Brooks, Attorney At Law, Garland, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

This is an appeal of an award of expenses granted pursuant to rule 215.4(b) of the Texas Rules of Civil Procedure. Lauren Peralta contends the trial court abused its discretion in granting the award against her based on her denial of certain requests for admission because the requests were improper and Charles Durham never proved the truth of the matters she denied. For the reasons set forth below, we affirm the trial court's judgment.

### I.

This case arose out of a traffic accident between Lauren Peralta and Charles Durham. Durham filed suit against Peralta claiming she negligently struck his car with her car causing him injuries. In response to the suit, Peralta filed a general denial. Durham sent requests for admission under rule 198 of the Texas Rules of Civil Procedure asking Peralta to admit, among other things, that she failed to keep a proper lookout, failed to maintain a safe distance, and failed to make a proper application of her brakes. Durham also asked Peralta to admit that she caused the accident. Peralta did not object to these requests and denied each of the matters.

Immediately before trial, Peralta stipulated to liability and the case was tried on the issue of damages alone. The charge of the court instructed the jury that Peralta was "negligent on the occasion in question and her negligence was a proximate cause of the occurrence in question." The jury awarded Durham $3,365 in damages.

On the same day judgment was granted, Durham filed a motion to recover expenses of proof under rule 215.4(b). At the hearing on the motion, Durham argued Peralta admitted in her deposition that she was turned around in her seat and was not

looking where she was going when her car struck Durham's. Furthermore, Peralta ultimately conceded liability just before trial. According to Durham, Peralta had no good faith basis for denying the requests for admission relating to liability and he was entitled to recover from her the reasonable expenses he incurred in preparing to prove liability at trial. Peralta responded she had a right to make Durham prove his case and because he was never forced to prove liability at trial, he is not entitled to expenses under rule 215.4(b). The trial court granted Durham's motion and awarded him $1,000 in expenses. This appeal ensued.

## II.

■ Under rule 215.4(b) of the Texas Rules of Civil Procedure, "[i]f a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 198 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorneys fees." Tex.R. Civ. P. 215.4(b). The court must grant the order unless it finds that (1) the request for admission was held objectionable pursuant to rule 193, (2) the admission sought was of no substantial importance, (3) the party failing to make the admission had a reasonable ground to believe he might prevail on the matter, or (4) there was other good reason for the failure to admit. *Id.* The court's decision to decision to award expenses is reviewed under an abuse of discretion standard. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986).

■ Peralta first argues the trial court abused its discretion in awarding Durham his expenses of proof because the requests for admission relating to Peralta's negligence improperly asked Peralta to admit she had no defense against Durham's claims. Peralta contends that punishing her for failing to admit fault in response to the requests for admission denies her the right to rely on her general denial and make Durham prove his case. We disagree.

■ First, we note that Peralta did not object to the requests at issue or obtain a ruling on the propriety of the requests under rule 193. Accordingly, the alleged objectionable nature of the questions could not have been grounds for denying relief under rule 215.4(b). *See* Tex.R. Civ. P. 215.4(b). In addition, Peralta mischaracterizes the relationship between a general denial and responses to requests for admission. Although a defendant has a right to force a plaintiff to prove his case, a defendant also has an obligation to answer requests for admission in good faith to the extent of the information within her possession or easily attainable. *See* Tex.R. Civ. P. 198.2(b). The primary purpose of requests for admission is to simplify trials by eliminating matters about which there is no real controversy. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996). In this case, it was within Peralta's knowledge when she responded to the requests for admission whether she failed to maintain a proper lookout, maintain a safe distance, and apply her brakes properly at the time of the accident. By failing to admit to these matters until immediately before trial, she forced Durham to unnecessarily incur expenses in preparing to prove her negligence at trial. We cannot conclude the trial court abused its discretion in awarding Durham his expenses on this basis.

Peralta next argues that Durham is not entitled to his expenses under rule 215.4(b) because he never proved her wrongful con-

duct or negligence at trial. It is Peralta's position that her judicial admission of liability relieved Durham of his obligation to prove the matter so the conditions giving rise to an award of expenses under rule 215.4(b) never occurred. We conclude Peralta's reading of rule 215.4(b) is too limited and would defeat the purpose of the rule.

Peralta focuses on the language of the rule stating that expenses may be awarded if the requesting party *proves* the truth of a matter previously denied in response to a request for admission. *See* Tex.R. Civ. P. 215.4(b). Although a judicial admission relieves the opposing party of his obligation to present evidence on the issue, the fact admitted is proved for the purposes of trial. *See Gevinson v. Manhattan Const. Co.*, 449 S.W.2d 458, 466 (Tex.1969). A judicial admission must be taken as true by the court and the jury and the declarant cannot introduce evidence to contradict it. *See Sherman v. Merit Office Portfolio, Ltd.*, 106 S.W.3d 135, 140 (Tex.App.-Dallas 2003, pet. denied). Because Peralta's conduct was proved for purposes of the trial against her, we conclude rule 215.4(b) is applicable to her conduct.

As stated above, requests for admission are intended to simplify litigation and reduce costs by eliminating the need to discover and present evidence about matters over which there is no legitimate dispute. *Id.* Rule 215.4(b) furthers this goal by permitting the trial court to sanction parties who, in response to proper requests, fail to admit material facts without good reason or reasonable ground to believe they might prevail on the matter. *See* Tex.R. Civ. P. 215.4(b). If a party could avoid the sanction by admitting the matter

on the eve of trial, after discovery has been done and expenses incurred by the opposing party, the purpose of rule 215.4(b) would be thwarted.

Peralta does not dispute she had no good reason to deny her wrongful conduct or reasonable ground to believe she would prevail on the issue of her liability.[1] We conclude the trial court did not abuse its discretion in awarding Durham his expenses of proof under rule 215.4(b). We affirm the trial court's judgment.

---

1. Indeed, Peralta cannot dispute these issues as she failed to file a complete record with this court and, absent a complete record, we cannot review the trial court's findings. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990).