942 So.2d 217 (2006)
Peggy Hudson FISHER, Appellant
v.
William DEER, Gannett MS Corp. and Gannett River States Publishing Corp. d/b/a The Hattiesburg American, Appellees.
No. 2004-CA-01391-COA.
Court of Appeals of Mississippi.
May 2, 2006.
Rehearing Denied August 15, 2006.
*218 Tadd Parsons, Wiggins, Jack Parsons, attorneys for appellant.
V.K. Smith, III, W. Bienville Skipper, Jackson, attorneys for appellees.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Peggy Fisher and William Deer were involved in an automobile accident. Fisher filed a claim for personal injuries against Deer and his employer, Gannett MS Corporation and Gannett River States Publishing Corporation, d/b/a The Hattiesburg American (hereinafter collectively referred to as "Gannett"). A Perry County Circuit Court jury found for the defendants, Deer and Gannett. On appeal, Fisher argues that: (1) the judge erroneously instructed the jury on liability even though defendants admitted they were liable, and (2) the verdict was not supported by the evidence. We find the jury was not properly instructed. Therefore, we reverse and remand for a new trial.

*219 FACTS
¶ 2. This case involves a vehicular collision which occurred at the intersection of Highways 29 and 98 in New Augusta, Perry County. Fisher was traveling south on Highway 29 and attempted to merge west onto Highway 98. She brought her vehicle to a stop, waiting for oncoming traffic. Deer was also attempting to merge onto Highway 98. Deer pulled in behind Fisher. Without looking in her direction, Deer collided with the back of Fisher's car. At the time, Deer was working in the scope of his employment with Gannett.
¶ 3. Deer and Gannett signed a stipulation that admitted negligence. The case went to trial on the issue of whether or not Fisher suffered damages as a result. Over Fisher's objection, the circuit judge instructed the jury on causation and on negligence. The jury returned a verdict that stated, "We the jury find for the Defendants."

ANALYSIS
I. Did the trial court err in instructing the jury on negligence, when negligence was stipulated?
¶ 4. Fisher argues that the circuit judge erroneously instructed the jury on causation and damages. Since Deer and Gannett admitted liability, Fisher contends the only issue for the jury was the amount of damages she suffered. Deer and Gannett maintain that their admission of liability did not include an admission of causation. Therefore, they argue that the jury instruction was proper.
¶ 5. In reviewing the granting of a jury instruction, we read all the jury instructions actually given as a whole. Whitten v. Cox, 799 So.2d 1, 16 (¶ 39) (Miss.2000). If they fairly announce the law and create no injustice, no reversible error will be found. Id. Where we find two or more instructions in hopeless and substantive conflict with each other, we often reverse. Hillier v. Minas, 757 So.2d 1034, 1039 (¶ 14) (Miss.Ct.App.2000).
¶ 6. Fisher's claim is a negligence action. The four elements of negligence include (1) duty, (2) breach of duty, (3) causation, and (4) damages. Couch v. City of D'Iberville, 656 So.2d 146, 150 (Miss. 1995). Duty and breach of duty establish negligence. Causation and damages establish that the plaintiff is entitled to recover on the basis of that negligence.
¶ 7. Before the trial, Deer and Gannett stipulated:

I.
That on or about June 8, 1999, Defendant William Deer negligently struck the Plaintiff's vehicle, and that as a result of his negligence he was the sole and proximate cause of injuries to the Plaintiff, Peggy Fisher, if any,[sic] and therefore, liability is admitted and is not an issue to be presented to the jury at trial.
II.
That the nature and extent of injuries and damages, if any, suffered by the Plaintiff is a jury issue, and is to be determined by the jury at the trial of this cause.
Deer's attorney struck the language "and that as a result of his negligence he was the sole and proximate cause of injuries to the Plaintiff, Peggy Fisher, if any" from the stipulation. The effect is that even though Fisher asked Deer to stipulate to causation, Deer's attorney struck this language before signing the stipulation. As a result, the stipulation simply stated that Deer was negligent and the jury would determine damages, if any. This stipulation was filed with the court over six months before trial.
*220 ¶ 8. The jury instruction at issue was submitted by Gannett. It read, "You are instructed that if you find from a preponderance of the evidence that the damages claimed by the [sic] Ms. Fisher were not proximately caused by the motor vehicle accident on June 8, 1999, then it is your sworn duty to return a verdict for the Defendants." Reading this instruction along with the other given instructions, we cannot see that this instruction constitutes reversible error. This instruction properly instructed the jury as to causation, which was a triable fact. The record also reveals several other instructions that discussed causation. Fisher submitted one of such instructions.
¶ 9. However, we are required to read the instructions as a whole. Deer and Gannett submitted instruction D-5 which read:
The fact that an accident occurred and the Plaintiff was injured as a result thereof is not, standing alone, evidence of any negligence on the part of William Deer. The mere fact that an accident occurred, without more, is not sufficient to warrant a recovery by the Plaintiff and you should not return a verdict for the [sic] Ms. Fisher simply because she was involved in an accident. Before the Plaintiff can recover anything from the Defendants, she must prove by a preponderance of the credible evidence that at or about the time of this accident, William Deer failed to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances and that such failure, if any, was a proximate cause of the injuries, if any, of the Plaintiff. If Ms. Fisher has failed to prove this by a preponderance of the credible evidence, then it is your sworn duty to return a verdict for the Defendants.
This instruction is in direct conflict with the stipulation and other instructions. In this instruction, the jury was instructed that Fisher had to prove negligence. If Fisher failed to do so, the jury was instructed to "return a verdict for the Defendants."
¶ 10. Reading the jury instructions as a whole, we conclude that the jury was given an inaccurate description of the law as it applied to Fisher's particular circumstances. Given Deer and Gannett's prior stipulation, the evidence did not support a jury instruction on negligence, i.e., duty and breach of duty.
¶ 11. The fact that Fisher was also granted a peremptory instruction on negligence does not cure this error. McCary v. Caperton, 601 So.2d 866, 869 (Miss.1992). Instructing the jury as to negligence, is reversible error when there has already been a peremptory instruction on negligence. Id. The reason is that the contradiction "creates a clear potential for confusion." Id. It is error for the court to grant instructions which are likely to mislead or confuse the jury as to the applicable law. Id. The effect of the negligence instruction in this case was to countermand the peremptory instruction and confuse the jury. Griffin v. Fletcher, 362 So.2d 594, 596 (Miss.1978).
¶ 12. Fisher objected to this instruction on the basis that liability had already been admitted; however, she objected to language that cited Deer's negligence as only a contributing cause and not the sole cause. This language was struck pursuant to her objection. Nevertheless, the record shows the court was acutely aware that Deer and Gannett had admitted negligence, as it used this as a basis for denying them a directed verdict. When Fisher objected to this instruction on the basis of the admission, it was error for the court to allow the instruction. The instruction was not supported by the evidence, and it created a clear potential for confusing the *221 jury. We reverse the judgment and remand the case for a new trial, consistent with this opinion.
II. Was the verdict supported by the evidence?
¶ 13. Because we reverse and remand this case for a new trial, this issue is now moot. Moreover, because of the conflicting jury instructions, we cannot tell whether the jury verdict found the appellees were not negligent or whether they simply found Fisher did not incur damages as a result. On remand, this issue may be corrected.
¶ 14. Accordingly, we reverse and remand this case for a new trial consistent with this opinion.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY IS HEREBY REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.