KING, C.J.,
for the Court:
¶ 1. This case arises from an automobile accident in which Karen Thompson was rear-ended at a stop light by Dung Thi Hoang Nguyen. Thompson filed suit against Nguyen seeking compensatory damages for injuries that allegedly resulted from the collision. A jury sitting in Jackson County Circuit Court found in favor of Thompson but awarded only a fraction of the requested damages. Subsequently, Thompson filed a motion to reconsider and to vacate the judgment, which was denied. Thompson has appealed raising the following issues: (1) whether the trial court erred by failing to grant her motion for a directed verdict on the issue of liability, (2) whether the trial court erred by failing to grant a motion for additur or, in the alternative, a new trial on damages alone, and (3) whether the trial court erred by refusing proposed peremptory jury instructions PIA and P7A regarding liability and refusing proposed jury instructions P9A, P10A, and P11A, explaining how to calculate damages.
¶ 2. Finding the trial court erred, we reverse, render, and remand for a new trial on damages.
FACTS
¶ 3. On March 14, 2002, while Thompson was stopped at a red light, Nguyen collided with Thompson’s rear bumper. Because there was no obvious vehicular damage or injury to either of the passengers, the parties exchanged information and left the scene of the accident. Later that day, Thompson contacted Nguyen and requested that they meet at the police station to prepare an accident report. Nguyen obliged. There was no further contact between the parties until Thompson filed suit against Nguyen.
¶ 4. A few days after the accident, Thompson began experiencing pain in her neck and made an appointment with her primary-care physician, Dr. James Martin. During the appointment, Dr. Martin realized that Thompson suffered from degenerative disc disease and recommended physical therapy. Thompson re-visited Dr. Martin claiming that physical therapy was not alleviating the pain; therefore, Dr. Martin referred Thompson to Dr. Oliver Lee Kesterson, a neurosurgeon. In an effort to alleviate Thompson’s pain, Dr. Kesterson performed two surgeries and prescribed another session of physical therapy for post-operative rehabilitation.
¶5. On June 17, 2004, Thompson filed her original complaint alleging that Nguyen negligently caused her vehicle to collide with Thompson’s vehicle. Thompson sought $234,316.49 in compensation for medical expenses and compensation for her pain and suffering resulting from her injuries allegedly caused by the collision. Thompson provided an itemization of her medical expenses as follows: hospital bills, $142,648.50; Dr. Kesterson, $50,310; Dr. Martin, $4,245; Physical Therapy Solutions, $9,131; rehabilitation expenses, $2,075; radiology expenses, $558; pharmacy expenses, $1,394.15; and expenses paid to doctors’s offices, $23,954.84. In her an *255 swer to the complaint, Nguyen admitted fault for the accident but contested the issues of causation and the amount of damages. The ease went to trial on May 11, 2009.
¶ 6. During trial, Thompson testified to being injured as a result of the automobile accident. Thompson stated that she did not have neck or shoulder pain prior to the accident. During cross-examination, Thompson admitted that she had been in a previous accident, but she believed the previous accident was irrelevant to the collision with Nguyen.
¶7. Thompson introduced the depositions of Dr. Kesterson, Dr. Martin, and the physical therapists at Physical Therapy Solutions, Ruth Bosarge and Ann Godfrey. Dr. Martin confirmed that Thompson had made no complaints of neck pain prior to the accident and that Thompson made an appointment with his office within four days after the accident. During the initial appointment, Dr. Martin documented abrasions typical of seat-belt trauma, referred Thompson to Physical Therapy Solutions for physical therapy in order to ease her neck pain, and prescribed an MRI that resulted in the discovery of disc degeneration. Dr. Martin testified to a reasonable degree of medical certainty that Thompson’s injuries were “caused or at least aggravated by that accident.” Godfrey and Bosarge testified that Thompson suffered from disc pain and muscle spasms. Finally, Dr. Kesterson testified that Thompson suffered from degenerative disc disease prior to the accident, but the symptoms that required the two surgeries were related to the accident.
¶ 8. After Thompson rested, Nguyen took the stand and accepted responsibility for causing the collision. According to Nguyen, Nguyen stopped her car behind Thompson’s at a red light. After stopping, Nguyen’s foot rolled off the brake pedal, causing her car to strike the rear of Thompson’s car. Nguyen testified that there was no visible damage to either car and that neither party claimed injury immediately after the accident. After Nguyen presented her defense, Thompson moved for a directed verdict. The trial court denied the motion and held that there were material facts in dispute as to whether all, or part of, Thompson’s damages were causally related to the accident with Nguyen.
¶ 9. After beginning deliberation, the jury submitted several questions to the trial court. The questions from the jury and responses from the trial court are as follows:
JURY: Can we see the police report?
COURT: You’ve received all the evidence that was introduced during the course of the trial. Please continue your deliberations.
JURY: Where [sic] the transcripts of the videos entered into evidence? If yes, we do not have [them].
COURT: Court procedure doesn’t allow transcripts of depositions read during trial to be introduced into evidence. These transcripts were not admitted.
JURY: Can we have a dictionary (preferably medical)?
COURT: No. Please continue your deliberations.
JURY: We feel we have too much information to fully & reasonably make a decision. Is there any chance that we can return for more careful and lengthy deliberations tomorrow?
(Jury dismissed overnight).
JURY: We would like to speak [with] you in private. Do we need to write two statements?
COURT: It would not be possible for the judge to meet privately with the jury after deliberations have begun. If you *256 are - in need of further instructions or guidance please communicate your questions in writing and the court will respond if necessary.
¶ 10. After several hours of deliberation, the jury returned a verdict in favor of Thompson and awarded $9,131 in damages. The award of $9,131 is the exact amount Thompson requested as compensation for the total of her physical-therapy bills. Thompson filed a motion for an additur or, in the alternative, for a new trial on damages only. The trial court denied the motion, and Thompson filed this appeal.
ANALYSIS
I. Directed Verdict
¶ 11. Thompson argues that the trial court erred in denying her motion for a directed verdict on the issue of liability. Mississippi Rule of Civil Procedure 50 requires the trial court to grant a directed verdict if any verdict other than the one directed would be erroneous as a matter of law. Kussman v. V. & G Welding Supply, Inc., 585 So.2d 700, 702 (Miss.1991). A trial court must consider all of the evidence in the light most favorable to the non-moving party in making its determination. Fox v. Smith, 594 So.2d 596, 603 (Miss.1992). On review, an appellate court must determine “whether the evidence, as applied to the elements of a party’s case, is either so indisputable, or so deficient, that the necessity of a trier of fact has been obviated.” Solanki v. Ervin, 21 So.3d 552, 556 (¶ 8) (Miss.2009) (citations omitted). This Court will review the grant or denial of a motion for a directed verdict de novo. Id.
¶ 12. Thompson’s claim is a negligence action. The elements of negligence include (1) duty, (2) breach of duty, (3) causation, and (4) damages. Fisher v. Deer, 942 So.2d 217, 219 (¶ 6) (Miss.Ct.App.2006) (citation omitted). This Court has held that duty and breach establish negligence, while causation and damages establish that the plaintiff is entitled to recover on the basis of that negligence. Id.
¶ 13. Thompson presented evidence that when the accident occurred, she was stopped at a red light, and Nguyen collided with her rear bumper. Nguyen' testified that her negligence caused the accident and that she was willing to accept responsibility for her negligence. Because Nguyen testified that her negligence caused the collision, the trial court erred in denying Thompson’s motion for a directed verdict on the issue of Nguyen’s liability.
¶ 14. Nguyen argues that the denial of Thompson’s motion for a directed verdict should be considered harmless error because the jury subsequently returned a verdict in Thompson’s favor. Where a jury verdict on the point at issue provides the appealing party the most favorable result he could have received had the trial court handled the point correctly, errors in failing to provide a directed verdict or peremptory instruction regarding liability should be deemed harmless. Pickering v. Industria Masina I Traktora, 740 So.2d 836, 845 (¶ 43) (Miss.1999) (citation omitted).
¶ 15. Given the record before this Court, we are unable to say that Thompson received the most favorable result. The testimony was that Thompson had a pre-existing condition, which was asymptomatic until the auto collision. Thompson’s asymptomatic disc degeneration was aggravated by the automobile collision. Thompson incurred medical expenses in excess of $234,316.49 in treating the previously asymptomatic injury. The medical expenses were testified to as being reasonable and necessary. Additionally, the tes *257 timony was unrefuted that Thompson could now expect long-term problems from the previously asymptomatic injury.
¶ 16. There is a substantial discrepancy between the amount of damages proven by Thompson and the amount of damages awarded by the jury. The jury found in favor of Thompson but only awarded a portion of Thompson’s proven medical expenses. Thompson is entitled to all past, present and future medical damages and compensation for pain and suffering proximately caused by Nguyen’s negligence. See Sharp v. Odom, 743 So.2d 425, 432 (¶ 12) (Miss.Ct.App.1999). Thompson submitted medical bills equal to $234,316.49, but the jury only awarded $9,131. The discrepancy suggests that the verdict may have been unresponsive to the evidence, further suggesting that Thompson did not receive the most favorable result. See Dunn v. Jack Walker’s Audio Visual Ctr., 544 So.2d 829, 833 (Miss.1989). Accordingly, the trial court’s error in denying Thompson’s request for a directed verdict on the issue of liability cannot be considered harmless. We reverse and render on this issue.
II. Additur
¶ 17. Thompson argues that the damages awarded were insufficient compensation for her injuries suffered and that the trial court erred in failing to grant a motion for additur or, in the alternative, a new trial on the sole issue of damages. The law on the subject of additurs is stated within Mississippi Code Annotated section 11-1-55 (Rev.2002):
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for a new trial or affirm on direct or cross appeal, upon condition of an addi-tur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remitti-tur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remitti-tur.
¶ 18. In reviewing a trial court’s grant or denial of an additur, this Court applies an abuse-of-discretion standard of review. Maddox v. Muirhead, 738 So.2d 742, 743 (¶ 5) (Miss.1999). In this case, Thompson bears the burden of proving her damages, and this Court will view the evidence in the light most favorable to Nguyen. Id. The Mississippi Supreme Court has consistently held that: “Awards set by jury are not merely advisory and generally will not be ‘set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.’ ” Id. Additurs should never be employed without great caution. Gibbs v. Banks, 521 So.2d 658, 659 (Miss.1988).
¶ 19. Thompson testified to being injured as a result of the automobile accident. Thompson stated that she did not have neck or shoulder pain prior to the accident. Dr. Martin confirmed that there had been no complaints prior to the accident and that Thompson made an appointment with his office four days after the accident. During the initial appointment, Dr. Martin documented abrasions typical of seat-belt trauma, referred Thompson to Physical Therapy Solutions for physical therapy in order to ease her neck pain, *258 and prescribed an MRI that resulted in the discovery of disc degeneration. Dr. Martin testified to a reasonable degree of medical certainty that Thompson’s injuries were “caused or at least aggravated by that accident.” Godfrey and Bosarge, both treating physical therapists, testified that Thompson suffered from disc pain and muscle spasms. Finally, Dr. Kesterson testified that Thompson suffered from degenerative disc disease prior to the accident, but the symptoms requiring the two surgeries were related to the accident. Dr. Kesterson testified that after he performed two surgeries, he referred Thompson to Physical Therapy Solutions for postoperative rehabilitation.
¶ 20. The law is clear that Thompson is entitled to all past, present, and future medical damages and compensation for pain and suffering proximately caused by Nguyen’s negligence. See Sharp, 743 So.2d at 432 (¶ 12). Thus, Thompson sought an additur claiming that the jury incorrectly awarded her only a portion of her reasonable and necessary medical bills and that the jury failed to include an award for pain and suffering.
¶ 21. “Each case involving the issue of additur must ‘necessarily be decided on its own facts.’ ” Leach v. Leach, 597 So.2d 1295, 1297 (Miss.1992). In this case, Thompson submitted medical bills equal to $234,316.49, but the jury only awarded Thompson $9,131. “It is the jury [that] determines the weight of the testimony and the credibility of the witnesses at trial[,] and it is the primary province of the jury to determine the amount of damages to award.” Teasley v. Buford, 876 So.2d 1070, 1075 (¶ 8) (Miss.Ct.App.2004) (citing Burge v. Spiers 856 So.2d 577, 580 (¶ 9) (Miss.Ct.App.2003)). During the trial, Thompson’s credibility was drawn into question because her testimony at trial and her deposition differed. Additionally, pictures of the vehicle, taken after the accident, were introduced into evidence and documented no damage. Thompson further testified that she had been in a previous accident, but she believed concealing that fact to be appropriate because she found the previous accident to be irrelevant in regard to the consequences of the accident with Nguyen.
¶ 22. Even so, we find the jury’s award to be unreasonable. The jury’s award was less than four percent of Thompson’s actual medical expenses, and the evidence seems to support Thompson’s argument that the jury failed to include damages for pain and suffering.
¶ 23. As an alternative to additur, Thompson requests a new trial on the sole issue of damages. “Proper bases for granting a motion for new trial are “when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result from bias, passion, and prejudice.’ ” Knight v. Brooks, 881 So.2d 294, 297 (¶ 10) (Miss.Ct.App.2004) (citations omitted).
¶ 24. The behavior of the jury during deliberation suggests that the jury was confused by the jury instructions. On the day the trial concluded, the jury deliberated well into the evening and could not reach a conclusion. The jury requested more time, stating: “We feel we have too much information to fully [and] reasonably make a decision. Is there any chance we can return for more careful and lengthy deliberations tomorrow?” While in deliberation, the jury requested a copy of the police report, transcripts of the video testimony, a medical dictionary, and a private meeting with the judge.
If 25. The deliberation concluded with the jury finding in favor of Thompson *259 and awarding a portion of the damages requested. “Generally, ‘the only evidence of corruption, passion, prejudice or bias on the part of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of the damages.’ ” Green v. Grant, 641 So.2d 1203, 1209 (Miss.1994) (citations omitted). In this case, the jury awarded the exact amount Thompson requested as compensation for her physical-therapy treatments. The amount requested for physical therapy combined two prescribed treatment sessions: the general rehabilitation prescribed by Dr. Martin and, later, postoperative rehabilitation prescribed by Dr. Kesterson. The verdict does not suggest that damages were awarded for visits to either doctor who would have had to prescribe the physical therapy, as compensation for any medical treatments besides physical therapy, or as compensation for pain and suffering.
¶ 26. The award constituting the exact amount attributed to physical therapy could be a coincidence; however, a logical inference.suggests that the jury may have intentionally awarded only the expenses attributed to physical therapy. The discrepancy between the amount of damages Thompson requested, $234,316.49, and the verdict, $9,131, coupled with the continuous requests from the jury while in deliberation, suggests that the jury was confused by the jury instructions or departed from its oath, and the verdict is a result of bias, passion, and prejudice. Therefore, the trial court erred in denying Thompson’s motion for a new trial on the sole issue of damages. Accordingly, we reverse and remand for a new trial on the issue of damages.
III. Jury Instructions
¶ 27. Thompson argues the trial court erred by failing to grant a peremptory jury instruction regarding liability and/or a jury instruction explaining how to calculate medical damages. When reviewing jury instructions on appeal, this Court must consider the instructions as a whole with no one instruction read alone or taken out of context. Teasley, 876 So.2d at 1078 (¶ 19) (citations omitted). When the instructions read as a whole “fairly announce the law of the case and create no injustice, no reversible error will be found.” Id.
¶28. Thompson claims that the trial court erred by failing to grant a peremptory instruction on the issue of liability. Specifically, Thompson alleges that the trial court erred in refusing the following jury instructions PIA and P7A, respectively, which stated:
“The Court instructs you to find for the Plaintiff, Karen R. Thompson.”
“We, the jury, find for the plaintiff, Karen R. Thompson, and assess her damages at $-.”
¶29. The trial court denied the above peremptory instructions, while granting jury instruction D8, which stated:
The Court instructs the jury that when any nine (9) or more of you reach a verdict, you may return that verdict as the verdict of the jury. The form of your verdict should be as follows:
1. If your verdict is for the Plaintiff, then the form of your verdict should be: “We, the jury, find for the Plaintiff, KAREN R. THOMPSON, and assess her damages $-.
2. If your verdict is for the Defendant, then the form of your verdict should be: “We, the jury, find for the Defendant, DUNG THI HOANG NGUYEN.”
You should write your verdict on a separate sheet of paper provided to you by the Court, but it need not be signed by any of you.
*260 ¶ 30. Nguyen admitted liability for the accident. “It is error for the court to grant instructions which are likely to mislead or confuse the jury as to the applicable law.” Fisher, 942 So.2d at 220 (¶ 11) (citation omitted). Since Nguyen admitted negligence and the uncontradicted testimony was that Thompson’s asymptomatic condition was, at the very least, aggravated by Nguyen’s negligence, the jury could not return a verdict in Nguyen’s favor.
¶ 31. Thompson further claims the trial court erred by refusing jury instructions explaining the applicable law to be applied in determining the award of damages. Specifically, Thompson alleges that the trial court erred in refusing the following jury instructions, P9A and P10A, respectively, which stated:
You are instructed that if you find that any of Karen Thompson’s injuries were proximately caused or exacerbated by the automobile accident that is the subject of this lawsuit, you must award Karen Thompson all reasonable and necessary medical expenses incurred as a result of such injuries.
You are instructed that if you award Karen Thompson medical expenses for injuries incurred or exacerbated as a result of the accident which is the subject of this lawsuit, you must award Karen Thompson damages for all pain and suffering that you find she experienced as a result of such injuries. This includes past, present and future pain and suffering.
¶ 32. Thompson is entitled to have jury instructions given which present her theory of the case. Coho Resources, Inc. v. McCarthy, 829 So.2d 1, 23 (¶ 69) (Miss.2002) (quoting Higgins v. State, 725 So.2d 220, 223 (¶ 16) (Miss.1998)). Both parties stipulate that jury instructions P9A and P10A are accurate statements of law, but Nguyen claims the error in refusing to grant the instructions was harmless because the jury was fully and fairly instructed by other instructions. Id.
¶ 33. A review of the record reveals no other instruction was granted to explain the applicable law as to what damages must be awarded. The law is clear in that the jury must award compensatory damages, inclusive of reasonable and necessary medical expenses and pain and suffering, proximately caused by the act of negligence. See Matkins v. Lee, 491 So.2d 866, 868 (Miss.1986). Jury instruction P6A was granted regarding how to award damages, but it instructs the jury to consider past, present, and future physical pain and suffering and past, present, and future reasonable and necessary medical expenses.
¶ 34. , Jury instruction P6A stated:
You are instructed that just and fair compensation is a decision to be made by the jury. Your discretion as to the measure of damages is wide, but not unlimited, and you may not act arbitrarily. Exercise- your discretion as to the amount of damages reasonably, intelligently and in harmony with the evidence of the case and the Court’s instructions. The damages for personal injury cannot be assessed by any fixed rule, but you are the only judge as to the measure of damages in this case.
You may consider the following factors to determine the amount of damages to award as may be shown by a preponderance of the evidence:
1. The type of injuries to the plaintiff and their duration;
2. Past, present and future physical pain and suffering and result in loss of enjoyment of life, if any; and
3. Reasonable and necessary medical expenses already incurred and those which are reasonably probable to be incurred in the future, if any.
*261 ¶ 35. Finally, Thompson claims that the trial court erred in refusing jury instruction P11A, which provided the jury with a special-verdict form. The language of the instruction was as follows:
Please fill out the form below for all of Karen Thompson’s damages that you find were proximately caused or exacerbated by the accident that is the subject of this litigation:
1.Past Medical expenses:
[[Image here]]
2.Future Medical expenses:
[[Image here]]
3.Past Pain and Suffering:
[[Image here]]
4.Future Pain and Suffering:
[[Image here]]
5.TOTAL of the above:
[[Image here]]
Your verdict should read as follows: “We, the jury, award the Plaintiff, Karen R. Thompson, damages in the amount of $ — .”
¶ 36. Mississippi Rule of Civil Procedure 49(b) provides for special jury instructions and allows submission to the jury of “any issue of fact raised by the pleadings or by the evidence.” Jones v. Westinghouse Elec. Corp., 694 So.2d 1249, 1251 (Miss.1997). An instruction pursuant to Rule 49(b) may have eliminated any confusion as to how to calculate damages. See Larkin v. Perry, 427 So.2d 138, 139 (Miss.1983).
¶ 37. Had the trial court adopted Thompson’s form of the special-verdict jury instruction, there would be no question as to the basis of the jury’s action. A proper basis for granting a new trial is when the jury has been confused by faulty jury instructions. Knight, 881 So.2d at 297 (¶ 10). Considering the facts of this case and in reading the instructions as a whole, the trial court erred by refusing a peremptory jury instruction regarding liability and refusing a jury instruction explaining how to calculate damages. Furthermore, the jury continuously posing questions to the court during deliberation suggests that the jurors were confused by the instructions. For the foregoing reasons, we reverse and remand for a new trial on damages.
¶ 38. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS REVERSED, RENDERED, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE AND MYERS, P.JJ., IRVING, ISHEE AND CARLTON, JJ„ CONCUR. GRIFFIS, ROBERTS AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J„ CONCURS IN RESULT ONLY WITHOUT SEPARATE OPINION.