IRVING, P.J.,
Dissenting:
¶ 35. The issue presented in this appeal is whether the trial court erred in refusing to grant sanctions because of Loraine Clark and Star Transportation’s[5] refusal to make a timely admission of negligence after Clark ran a stop sign and drove her eighteen-wheel tractor trailer into Nancy Fulgham’s vehicle in which Brenda Burson Perkins was riding as a passenger.
¶ 36. The majority finds that the trial court correctly determined that Clark and Star Transportation’s reason for not admitting liability — that Fulgham was guilty of contributory negligence — was not a frivolous defense; therefore, the trial court was not obligated to grant sanctions because Clark and Star Transportation “had reasonable ground to believe that [they] might prevail on the matter, or there was other good reason for [their] failure to admit [negligence].” M.R.C.P. 37(c). As I will explain later, there is no factual basis in the record to support this finding; therefore, any analysis based on this premise is flawed. It is clear to me that the circuit court abused its discretion when it refused to sanction Clark and Star Transportation in at least some amount as reimbursement for Perkins’s expenses and attorneys’ fees incurred in proving that Clark’s negligence was the sole proximate cause of Perkins’s injuries. Unfortunately, the majority sanctions (pun intended), rather than rectifies, that abuse. I would reverse and remand this case to the circuit judge to enter an appropriate award of sanctions under Rule 37(c).
¶ 37. The accident, out of which today’s issue arose, occurred on March 23, 2004. Almost three years later, on March 8, 2007, Perkins filed separate suits against Clark and Star Transportation. On July 31, 2007, Perkins served twenty-two requests for admission on Clark. Five of those requests and Clark’s responses to them are relevant to our inquiry. Those requests and responses are:
(a) REQUEST FOR ADMISSION NO. 9: Do you admit or deny that you caused the collision that occurred between Plaintiff Nancy Fulgham and Defendants Loraine W. Clark and Star Transportation, Inc. on March 23, 2004?
RESPONSE TO REQUEST NO. 9: Denied.
(b) REQUEST FOR ADMISSION NO. 12: Do you admit or deny that you were driving in excess of the posted, legal speed limit at the time of the collision on March 23, 2004?
RESPONSE TO REQUEST NO. 12: Denied.
(c) REQUEST FOR ADMISSION NO. 17: Do you admit or deny that you failed to stop at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
RESPONSE TO REQUEST NO. 17: Admitted.
*1076 (d) REQUEST FOR ADMISSION NO. 18: Do you admit or deny that you failed to yield the right-of-way to the Plaintiffs’ vehicle at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
RESPONSE TO REQUEST NO. 18: Denied.
(e) REQUEST FOR ADMISSION NO. 19: Do you admit or deny that you operated her [sic] vehicle in a willful or wanton disregard for the safety of the traveling public at the intersection of U.S. Highway 82 and M.S. [sic] Highway 15, the location of the subject collision?
RESPONSE TO REQUEST NO. 19: Denied.
¶ 38. Perkins also served similar requests for admission on Star Transportation. The requests and Star Transportation’s responses are:
(a) REQUEST FOR ADMISSION NO. 8: Do you admit or deny that the defendant caused the collision that occurred between Plaintiff Nancy Fulg-ham and Defendants Loraine W. Clark and Star Transportation, Inc. on March 28, 2004?
RESPONSE TO REQUEST NO. 8: Denied.
(b) REQUEST FOR ADMISSION NO. 11: Do you admit or deny that Defendant, Loraine W. Clark, was driving in excess of the posted, legal speed limit at the time of the collision on March 23, 2004?
RESPONSE TO REQUEST NO. 11: Denied.
(c) REQUEST FOR ADMISSION NO. 15: Do you admit or deny that Defendant, Loraine W. Clark, failed to stop at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
RESPONSE TO REQUEST NO. 15: Admitted.
(d) REQUEST FOR ADMISSION NO. 17: Do you admit or deny that Defendant, Loraine W. Clark, failed to yield the right-of-way to the Plaintiffs’ vehicle at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
RESPONSE TO REQUEST NO. 17: Denied.
(e) REQUEST FOR ADMISSION NO. 18: Do you admit or deny that defendant, Loraine W. Clark, operated her vehicle in a willful or wanton disregard for the safety of the traveling public at the intersection of U.S. Highway 82 and M.S. [sic] Highway 15, the location of the subject accident?
RESPONSE TO REQUEST NO. 18: Denied.
¶ 39. Rule 37(c) was promulgated to ensure that a party, who is treated as was Perkins here, can recover attorneys’ fees and expenses for having to prove a fact that should have been admitted by the opposing party. Rule 37(c) provides:
If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the ... the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall make the order unless it finds that (1) the request was held objectionable under Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he *1077 might prevail on the matter, or (4) there was other good reason for the failure to admit.
(Emphasis added).
¶40. In denying Perkins’s motion for sanctions with respect to reimbursement for expenses, the circuit court stated:
Because the defendants conceded partial liability prior to trial and total liability at the commencement of trial, the plaintiff was not required to prove that Clark was speeding, failed to yield the right-of-way, or that Clark and Star Transportation caused the accident. Additionally, given the lay testimony that was available concerning the accident, this court finds that the expert opinions of neither G.L. Rhoades nor Roger Allen would have been necessary to establish fault, even if the defendants had not conceded liability prior to trial. Thus, this court finds that the plaintiff is not entitled to receive reimbursement, by way of sanctions, for the money that she expended in hiring expert witnesses.
¶ 41. With respect to the denial of attorneys’ fees, the circuit court stated:
This court has been unable to find any decisions from the appellate courts of this state that offer any guidance on when attorney[s’] fees, as sanctions, should be awarded pursuant to M.R.C.P. 37(c). Thus this court has looked to the decisions as to when attorney[s’] fees should be awarded as sanctions pursuant to M.R.C.P. 11 and the Litigation Accountability Act of 1988 [Miss.Code Ann. § 11-55-1 (Rev.2002) ].
Courts should award sanctions by way of awarding attorney[s’] fees if the court finds that a claim or defense was brought “without substantial justification.” Mississippi Code Annotated § 11-55-5(1) [(Rev.2002)]. ‘“Without substantial justification,’ when used with reference to any action, claim, defense, or appeal, including without limitation any motion, means that it is frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Mississippi Code Annotated § ll-55-3(a) [ (Rev.2002) ]. Similarly, Mississippi Rules of Civil Procedure 11(b) provides that:
If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorney[s’] fees.
M.R.C.P. 11(b). A claim is considered frivolous under both the statute and Rule 11 “only when, objectively speaking, the pleader or movant has no hope of success.” Scruggs v. Saterfiel, 693 So.2d 924, 927 (Miss.1997); Leaf River Forest Prod [.], Inc. v. Deakle, 661 So.2d 188, 197 (Miss.1995); Stevens v. Lake, 615 So.2d 1177, 1184 (Miss.1993) “Thought [sic] a case may be weak or ‘light-headed,’ that is not sufficient to label it frivolous.” Leaf River [, 661 So.2d] at 195.
Here, the defendants admitted, well in advance of trial, that Clark was speeding and ran the stop sign/red light, and was partially at fault in causing the accident. The only thing they did not concede, prior to the day of trial, was that Fulg-ham played no role in causing the accident. Although, at trial this court was of the opinion that Fulgham could not be found to be even partially liable for causing the accident, the defendants’] theory to the contrary could in no way be considered as frivolous [footnote omitted]. It may have been a “weak” or “light headed” theory, but it certainly *1078 was not frivolous. Additionally, as noted in the previous section of this opinion, [the] plaintiff was never required to offer “proof’ on the issue of liability. For these reasons, this court finds that the plaintiff is not entitled to recover attorney[s’] fees from the defendants.
¶ 42. I begin my analysis by pointing out the fallacy in the legal premises that somehow Fulgham could be held partially liable for causing the accident, thereby providing justification for Clark’s and Star Transportation’s refusal to admit liability from the beginning of this litigation. As stated, Perkins was riding as a passenger in Fulgham’s vehicle, which, immediately prior to the accident, was headed west on Highway 82. Highway 82 is a four-lane major thoroughfare with a sizeable median separating the two westbound lanes and the two eastbound lanes. The accident occurred in the inner eastbound lane of Highway 82 where it and Mississippi Highway 15 intersect. Fulgham had brought her car to a stop at the four-way stop sign, that is posted at the inner westbound lane of Highway 82, before executing a left turn to travel onto Highway 15 South. After stopping at the four-way stop sign, Fulg-ham executed the left turn and traveled across the median[6] that divides the westbound and eastbound lanes of Highway 82. She faced no other stop sign. However, traffic traveling east on Highway 82, as was Clark, is required to stop at the four-way stop sign at the intersection of Highway 82 and Highway 15. Thus, it is clear that Fulgham had the right-of-way and was not required to yield to eastbound traffic on Highway 82, as all of this traffic was required to stop at the four-way stop sign for eastbound traffic. To contend that Fulgham was partially responsible for the accident because she • did not see Clark’s tractor trailer, which was required to stop, is tantamount to saying (1) that Clark had a right to run the stop sign, (2) that Fulgham should have known that Clark had that right and would exercise it, and (3) that Fulgham was negligent for not yielding the right-of-way to Clark in order to let Clark run the stop sign. Such reasoning is not undergirded by either our statutory or decisional law with respect to duties owed by drivers under the factual scenario presented here.
¶ 43. Next, I will address a point that the majority does not dwell on: whether Perkins proved at trial that Clark’s negligence was the sole proximate cause of the accident as required by Rule 37(c) before expenses and attorneys’ fees are allowed. I begin this discussion by pointing out that after the jury had been selected, it was sent to the jury room so that the circuit judge could resolve some pending motions. After some prodding by the circuit judge, Clark and Star Transportation first admitted partial liability, and toward the end of the proceedings, while the jury was still out, Clark and Star Transportation finally admitted total liability, without reservations. Thereafter, Perkins called three witnesses, Jeremy Flora, Elizabeth Peacock, and Trooper Jason White. Flora and Peacock testified that Clark ran the stop sign and struck Fulgham’s vehicle. On the second day of the trial, the circuit judge orally instructed the jury as follows:
At this point the defendants, Star Transportation and Loraine Clark, are admitting that they are at fault in this accident. So I have ruled that no other testimony is necessary as to what happened, what occurred at the accident because they are admitting that they are *1079 at fault.... They are confessing!,] thought,] that they are liable.
¶ 44. On the fourth day of the trial, Perkins attempted to call Clark to the witness stand. Counsel for Clark and Star Transportation inquired as to the purpose. A long discussion ensued between the court and Perkins’s counsel regarding how Clark’s testimony did or did not relate to damages, concluding with this exchange:
DEFENSE COUNSEL: Your honor, just for clarification purposes; as I understand it, the other day Your Honor announced to the court or to the jury on the record that we admitted liability. So you are ruling now— I’m not saying it is different, but your ruling is to allow them to ask Ms. Clark one question about whether she admits liability. Is that correct?
THE COURT: Yes, because, you know, I think there [sic] might be appropriate to have proof that there was an issue. I mean you know, I have advised them of that, but I still think— and they will be—
DEFENSE COUNSEL: —can we not provide the Court a written stipulation?
THE COURT: Well, I don’t know if they will accept a stipulation—
PLAINTIFF’S COUNSEL: —We are not stipulating.
THE COURT: So you know, you can call and ask her if she admits she is at, that they were at fault.
DEFENSE COUNSEL: Okay, for that one question. That’s what the Court will allow?
THE COURT: Correct.
PLAINTIFF’S COUNSEL: May I ask her when she decided to make that admission?
THE COURT: No, that is not relevant.
Thereafter, Perkins called Ronnie Holland, Star Transportation’s corporate representative, who testified as follows:
Q. Do you as the representative of Star Transportation admit or deny that on March 23rd, 2004, at the time of the collision that the Defendant, Loraine Clark, was a truck driver and was acting in the course and scope of her employment with your company, the Defendant, Star Transportation?
A. Yes.
Q. And do you admit that Star Transportation would be vicariously liable for any damages because of the negligence of Mrs. Clark?
A. Yes.
[[Image here]]
Q. Does Star Transportation admit liability in this case?
A. Yes.
Clark was the next witness to be called by Perkins, and Clark testified as follows:
Q On March 23rd, 2004, were you employed as a truck driver for Star Transportation around 12:30?
A. Yes, sir.
Q. Okay, and you were involved in an automobile accident — I mean a tractor-trailer accident and an automobile accident on Highway 82 and Highway 15; is that correct?
A. Yes, sir.
Q. Do you admit or deny that on March 23, 2004, that you were negligent in the operation of the tractor trailer in an — that resulted in a crash between your truck and Nancy Fulgham where Brenda Perkins was a passenger? Do you admit or deny that you were negligent in causing this collision?
A. Yes.
*1080 Q. What is your answer? Do you admit it or do you deny it?
A. I admit it.
¶ 45. Based on the testimonies of Flora, Peacock, Clark, and Holland, there can be little doubt that Perkins proved liability at trial. There also can be little doubt that when the trial commenced, Clark and Star Transportation had not admitted liability. I know of no law that requires a plaintiff to accept a stipulation of liability once a trial has begun so as to allow a non-admitting party under Rule 37(c) off the hook for not having admitted a matter that the party should have admitted before commencement of the trial. When Clark and Star Transportation finally admitted liability, it was too late to avoid sanctions under Rule 37(c).
¶ 46. In Peralta v. Durham, 133 S.W.3d 339 (Tex.App.2004), the Court of Appeals of Texas reviewed a decision of a trial judge who had granted sanctions in a case that is factually analogous to the facts here. There, Lauren Peralta and Charles Durham were involved in an accident. Id. at 340. Durham filed suit against Peralta and asked her to admit certain matters, including that she caused the accident. Id. Peralta made no objection, and denied each of the requests until immediately before trial, at which time she stipulated to liability. Id. After a jury had returned a verdict for compensatory damages against Peralta, Durham filed a motion for expenses under rule 215.4(b) of the Texas Rules of Civil Procedure, which is comparable to our Rule 37(c), for having to prove that Peralta caused the accident. Id. Per-alta argued that “she had a right to make Durham prove his case and because he was never forced to prove liability at trial, he [was] not entitled to expenses.” Id. at 341. The trial court granted sanctions. Id. On appeal, the appellate court affirmed the trial court, stating:
Peralta’s reading of rule 215.4(b) is too limited and would defeat the purpose of the rule.... If a party could avoid the sanction by admitting the matter on the eve of trial, after discovery has been done and expenses incurred by the opposing party, the purpose of the rule 215.4(b) would be thwarted.
Id. at 342. See also Campana v. Bd. of Dir. of the Mass. Housing Fin. Agency, 399 Mass. 492, 505 N.E.2d 510 (1987) (holding that sanctions pursuant to Rule 37 of Massachusetts Rules of Civil Procedure were proper when a party stipulated at the outset of trial to a matter that the party should have admitted pursuant to Rule 36). With respect to whether Durham proved Peralta’s negligence at trial, the court stated:
Although a judicial admission relieves the opposing party of his obligation to present evidence on the issue, the fact admitted is proved for the purposes of trial.... A judicial admission must be taken as true by the court and the jury, and the declarant cannot introduce evidence to contradict it_Because Per-alta’s conduct was proved for purposes of the trial against her, we conclude rule 215.4(b) is applicable to her conduct.
Peralta, 133 S.W.3d at 342 (citations omitted). I find the reasoning in Peralta quite persuasive. Clark and Star Transportation should not and cannot be saved from sanctions because of their admission of liability, which did not occur until after the trial had started, although prior to any testimony being elicited.
¶ 47. I now return to the flawed analysis employed by the circuit judge and relied upon by the majority. The circuit court utilized an erroneous standard in determining whether to grant attorneys’ fees as a sanction. It is plain to see that the circuit court utilized the “frivolous pleading” standard enunciated in the Liti *1081 gation Accountability Act rather than the “reasonable ground to believe that he might prevail” standard that is mandated by Rule 37(c). Even using this erroneous standard, the circuit judge still should have granted sanctions, for he specifically found that “this court was of the opinion that Fulgham could not be found to be even partially liable.” If Fulgham could not be found to be even partially liable, it necessarily follows that Perkins and Star Transportation were without substantial justification for not admitting liability and that their stated reason for not admitting was groundless in fact and in law. Further, it is quite clear that the circuit judge, in denying Perkins’s expenses for having to prove that Clark’s negligence was the sole proximate cause of the accident, zeroed in on expenses for expert testimony, which in the circuit judge’s view was not required to prove fault. As proof that such expenses were not required, the circuit judge noted that the plaintiffs attorneys, who are also the same attorneys that represented Fulgham until her case was settled, did not hire any experts for Fulg-ham’s trial. The problem with this reasoning is that Perkins’s case is a separate case, and her attorneys are free to present her case without regard to how they may have presented another person’s case. Additionally, they may have learned from their experience in the prior case that they should do something differently in Perkins’s case. In any event, Rule 37(c) does not limit the means by which the proof of a matter may be made as a condition of being reimbursed for proving it.
¶48. In this case, the trial began on June 16, 2009. The jury was selected and sent to the jury room. The circuit judge then conferred with counsel and considered pretrial motions. As stated, after the court decided the motions, Clark and Star Transportation, through counsel, finally admitted liability without reservation. The trial then continued, and Perkins called three witnesses before being allowed to call Clark and the corporate representative for Star Transportation. Each of the witnesses testified as to Clark’s negligence.
¶ 49. Under Rule 37(c), the court may award expenses “[i]f a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves ... the truth of the matter.” M.R.C.P. 37(c). Requests for admissions are an important part of discovery and are to be taken “very seriously.” Scoggins v. Baptist Mem’l Hosp.-Desoto, 967 So.2d 646, 648 (¶ 9) (Miss.2007). In Haley v. Harbin, 933 So.2d 261, 262-63 (Miss.2005), the Mississippi Supreme Court noted in an order that: “The purpose of requests for admissions is to narrow and define issues for trial.... Properly used, requests for admissions serve the expedient purpose of eliminating the necessity of proving essentially undisputed and peripheral issues of fact.” (Citations and quotations omitted). Rule 37(c) gives the court the power to enforce the parties’ good-faith compliance with Rule 36.
¶ 50. Perkins asked Clark and Star Transportation to admit negligence or liability for the accident. They refused. Instead, they specifically denied that Clark had caused the accident and that Clark or Star Transportation were liable. Because of this, Perkins had to prepare for trial as if the issue of Clark’s and Star Transportation’s negligence or liability were in issue, i.e. to be tried for a decision by the jury.
¶ 51. In her preparations, Perkins had to prepare the evidence necessary to establish, by a preponderance of the evidence, the elements of negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. Fisher v. Deer, 942 So.2d *1082 217, 219 (¶ 6) (Miss.Ct.App.2006). In routine car-accident cases, the elements of duty, breach of duty, and causation are proven by eyewitnesses and expert witnesses.[7]
¶ 52. Based on the claims made and the defenses asserted, Perkins prepared for trial and retained two expert witnesses. Rhoades was retained to testify as an accident reconstructionist.[8] Allen was retained to testify as a transportation expert. The experts’ testimonies were to be offered by the plaintiff to establish duty, breach of duty, and causation. Neither Rhoades nor Allen testified at trial, but it was their fees and expenses that comprised a large portion of the expenses requested in the Rule 37(c) motion. The circuit court disregarded these expenses because it was the court’s view that the plaintiff incurred these expenses in pursuit of her claim for gross negligence. I disagree with the circuit court in part because their testimonies not only went to the issue of gross negligence, but it also went to the issue of negligence. On remand, I would direct the circuit court to grant expenses for the expert-witnesses fees and expenses to the extent they were reasonable and necessary for Perkins to establish Clark’s negligence.
¶ 53. Again, there was no factual basis for Clark or Star Transportation to deny that Clark was solely responsible for the accident and for Perkins’s damages. Early in discovery, Clark admitted that she did not stop at the stop sign. Nonetheless, Clark and Star Transportation asserted an affirmative defense that the accident was caused in whole or in part by the negligence of Perkins, a mere passenger in the automobile. As already discussed, Clark and Star Transportation had no reasonable ground or other good reason to deny total liability. Clark and Star Transportation’s stated reason for not admitting liability was the fear that such admission would work against them in their defenses of Perkins’s claim for punitive damages. This explanation is a red herring. First, Clark and Star Transportation were asked to admit both negligence and gross negligence, as shown by requests for admission numbers nine and nineteen propounded to Clark and by requests for admission numbers eight and eighteen propounded to Star Transportation. They certainly could admit that Clark was negligent while denying that she was grossly negligent. Second, a jury cannot consider punitive damages unless the trial judge determines that there is a triable issue in that regard. By statute, a trial judge cannot submit the issue of punitive damages to a jury unless the jury has returned a verdict for compensatory damages. And even then, submission of the issue of punitive damages is not automatic. “The court shall determine whether the issue of punitive damages may be submitted to the trier of fact.... ” Miss. Code Ann. § 11-1-65 (Supp.2010).
¶ 54. For these reasons, I must respectfully dissent.
LEE, C.J., AND ISHEE, J., JOIN THIS OPINION.

. The tractor trailer was owned by Star Transportation, Inc., which was Clark’s employer.

. The median at that point is essentially a paved lead-in to Highway 15 South from the westbound lanes of Highway 82.

. See, e.g., City of Jackson v. Harris, 44 So.3d 927, 929-31 (¶¶ 7-15) (Miss.2010); Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 468-69 (¶¶ 52-54) (Miss.2010).

. Rhoades has previously testified as an accident-reconstructionist expert witness. See, e.g., Mack Trucks, Inc. v. Tackett, 841 So.2d 1107, 1111 (¶ 11) (Miss.2003); Gen. Motors Corp. v. Jackson, 636 So.2d 310, 318-19 (Miss.1992).