LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. This case concerns a car accident between Caron D. Crowell and Harvey Burchfield. A jury in the Bolivar County Circuit Court determined Crowell was 90% at fault and Burchfield was 10% at fault. The jury assessed total damages of $879. Crowell was awarded $87.90, plus 10% of all court costs and post-judgment interest of 8% per annum.
¶ 2. Crowell filed a motion for an additur or a new trial on damages. The motion was denied. Crowell now appeals, asserting the trial court erred by (1) failing to grant her motion for an additur or new trial on damages; (2) failing to grant her a directed verdict; and (3) submitting the issue of her comparative negligence to the jury-
FACTS
¶ 3. In September 2004, Crowell and Burchfield were involved in a car accident in the center turn lane on Highway 61 in Cleveland, Mississippi. Crowell testified she pulled out of a gas station, crossed the southbound lane, and stopped in the turn lane facing north. Crowell stated she saw Burchfield speeding out of the parking lot across the highway and estimated he was driving between thirty to fifty miles per hour when he ran into her.
¶ 4. Burchfield testified he pulled onto the highway, crossed the northbound lane, and entered the center turn lane facing south. Burchfield stated the center turn lane was clear when he pulled onto the highway. As he glanced over his shoulder to determine whether he could merge onto the southbound lane, Burchfield heard a noise and realized his car had run into Crowell’s car. Burchfield estimated he was driving five miles per hour at the time of the accident.
¶ 5. A photograph showed Crowell’s car received damage to the front-left portion. The air bags did not deploy. Burchfield’s car also received damage to its front-left bumper, but no photographs were taken.
¶ 6. Crowell sought medical treatment several hours after the accident at a local hospital. Her emergency-room bills totaled $879. The morning after the accident, Crowell flew to New Mexico where she stayed for several days with no further medical treatment. Over the next several years, Crowell sought treatment for neck pain resulting from the accident. Crowell estimated her medical bills, including the $879 for the emergency-room visit, totaled $11,248.
¶ 7. Dr. Remi Nader, a neurosurgeon, treated Crowell for her neck pain. Portions of Dr. Nader’s deposition were read to the jury. Dr. Nader stated that Cro-well did have preexisting degenerative-disc disease, and the accident had aggravated her condition.
DISCUSSION
I. ADDITUR
¶ 8. Crowell contends the evidence of her medical treatment and the cost to re *1055 pair her car was undisputed; therefore, the jury award was inadequate and contrary to the overwhelming weight of the credible evidence.
¶ 9. We review a trial court’s decision on a motion for an additur for abuse of discretion. Teasley v. Buford, 876 So.2d 1070, 1075 (¶ 6) (Miss.Ct.App.2004). “The party seeking the additur has the burden of proving his injuries, loss of income, and other damages.” Gaines v. K-Mart Corp., 860 So.2d 1214, 1220 (¶ 21) (Miss.2003). An appellate court must review the evidence in a light most favorable to the defendant, giving him the benefit of all favorable inferences that may reasonably be derived from the evidence. Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992). The amount of damages to be awarded is primarily for the jury to determine. Harvey v. Wall, 649 So.2d 184, 187 (Miss.1995). A jury award will not “be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.” Id.
¶ 10. Pursuant to Mississippi Code Annotated section 11-1-55 (Rev.2002), the trial court may grant an additur “if the court finds that the damages are ... inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence.” In denying Crowell’s motion for an additur or a new trial on damages, the trial court noted that it was the jury’s prerogative to determine the amount of damages to award as well as the weight and credibility of the witnesses at trial. The trial court further found that the “the jury could have ... found [Crowell’s injuries] did not warrant medical treatment over and above what was received at the emergency room. If so, this court could not find that such a conclusion would be unreasonable. In addition, there was ample testimony regarding [Crowell’s] pre-existing conditions.”' We can find no abuse of discretion by the trial court in denying Crowell’s motion for an additur.
II. DIRECTED VERDICT
¶ 11. Crowell argues the trial court erred in failing to grant her motion for a directed verdict. Crowell contends there was no question that Burchfield caused the accident. We conduct a de novo review of motions for a directed verdict. Pierce v. Cook, 992 So.2d 612, 616 (¶ 8) (Miss.2008). “If [we find] that the' evidence favorable to the non-moving party and the reasonable inferences drawn therefrom present a question for the jury, the motion should not be granted.” Entergy Miss., Inc. v. Bolden, 854 So.2d 1051, 1055 (¶ 7) (Miss.2003) (citation omitted). Furthermore, “a trial court should submit an issue to the jury only if the evidence creates a question of fact concerning which reasonable jurors could disagree.” Id. (citations omitted).
¶ 12. It is well settled that proof of negligence requires the following elements: duty, breach of duty, causation, and damages. Fisher v. Deer, 942 So.2d 217, 219 (¶ 6) (Miss.Ct.App.2006) (citation omitted). Crowell testified she was stopped in the center turn lane of the highway when Burchfield ran into her. Burchfield testified the center turn lane was clear of other cars when he pulled onto the highway, indicating that Crowell pulled out in front of him. In denying Crowell’s motion for a directed verdict, the trial court determined the facts presented created a classic jury question. We agree and find this issue without merit.
III. JURY INSTRUCTION
¶ 13. In her final issue on appeal, Crowell argues the trial court erred *1056 in giving a comparative negligence jury instruction. Crowell failed to raise this issue before the trial court. “Where a party fails to make a contemporaneous objection to a proposed jury instruction so that the trial court has an opportunity to 'cure the defect, we are procedurally barred from considering arguments that the trial court erred in submitting the instruction.” Nunnally v. R.J. Reynolds Tobacco Co., 869 So.2d 373, 378 (¶ 7) (Miss.2004) (citation omitted). This issue is without merit.
¶ 14. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J.s CONCURS IN PART AND IN THE RESULT.